1  Jack R. Nelson (SBN 111863)
   Email:  jnelson@reedsmith.com
2  R. Euna Kim (SBN 222141)
   Email:  ekim@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Defendants World Savings Bank
9  FSB (renamed "Wachovia Mortgage, FSB") and
   Golden West Savings Association Service
10 Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KEVIN R. MCLEAN,<br><br>    Plaintiff,<br><br> vs.<br><br>WORLD SAVINGS FSB; INTEGRITY INVESTMENT GROUP LLC; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO; SUSAN FEDERICHI; BILL FORD; JEFFERY FORD; CALIFORNIA FRANCHISE TAX BOARD; WILLIAM L. VEEN.<br><br>    Defendants. | Case No.: 3:07-cv-5594 JSW<br><br>**DEFENDANTS WORLD SAVINGS BANK FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  February 29, 2008<br>Time:  9:00 a.m.<br>Ctrm:  2, 17th Floor<br><br>The Honorable Jeffrey S. White |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on February 29, 2008 at 9:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Jeffrey S. White, United States District Court Judge, Defendants World Savings Bank, FSB, currently known as "Wachovia Mortgage FSB" ("World Savings"), and Golden West Savings Association Service Company ("Golden West") (collectively hereinafter "Defendants") will, and hereby do move, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), for an order dismissing all claims alleged against Defendants in Plaintiff Kevin McLean's ("Plaintiff") Amended Complaint for Damages and Equitable Relief ("FAC").

Defendants' Motion is made on the grounds that this Court lacks subject matter jurisdiction over the action because Plaintiff's claims do not present a federal question under 28 U.S.C. Section 1331, and do not present any other basis for this Court to exercise jurisdiction over this action.

The Motion is based upon this Notice of Motion and the Memorandum of Points and Authorities filed concurrently herewith, the pleadings and papers on file herein, and upon such other and further matters as may be presented at the hearing.

DATED: January 16, 2008.

REED SMITH LLP

By   /s/ Jack R. Nelson
Jack R. Nelson
R. Euna Kim
Attorneys for Defendants
World Savings Bank FSB (renamed as "Wachovia Mortgage, FSB") and Golden West Savings Association Service Company

## I. INTRODUCTION

Plaintiff Kevin McLean ("Plaintiff") seeks to set aside what he alleges was a faulty non-judicial foreclosure sale of his residence – conducted pursuant to Cal. Civ. Code Section 2924 – by instituting this action against Defendants World Savings FSB ("World Savings") and Golden West Savings Association ("Golden West") (hereinafter collectively "Defendants").  Plaintiff's purported basis for federal jurisdiction is twofold: (1) Defendants' action in selling Plaintiff's property without notice is an alleged violation of Due Process under the Fourteenth Amendment of the United States Constitution and (2) the Deed of Trust at issue "specifies Federal Court jurisdiction" by its terms. (First Amended Complaint ("FAC"), p.3, ¶10.)

Plaintiff's allegations against Defendants fail because Plaintiff's claims do not present a federal question.  Both the Ninth Circuit and the California Supreme Court have ruled that a state's non-judicial foreclosure procedure constitutes a private – not a state – action, and is therefore exempt from the due process requirements of the Federal Constitution.  Moreover, actions involving foreclosure proceedings conducted under the California non-judicial foreclosure statute, which is the entire focus of Plaintiff's claims, do not raise a federal question, and should not be adjudicated in federal court.

The Deed of Trust at issue recognizes this rule and does not purport to unilaterally create federal question jurisdiction where none exists; it provides only that the security instrument and related notes shall be governed by federal law, and "*to the extent Federal Law does not apply*," provides that the law of the state in which the property is located shall apply.  (FAC, Exh. A, p. 9, ¶ 15.)  Although federal law applies to the terms of World's loans and the Deed of Trust, those are not at issue here because Plaintiff here attacks the procedures followed when World Savings exercised its right to follow California's statutory remedy of non-judicial foreclosure.  Moreover, federal courts have long held that parties may not create or destroy federal jurisdiction by agreement or consent.

No.: 3:07-cv-5594 JSW – 1 –
DEFENDANT WORLD SAVINGS FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S
MOTION TO DISMISS

For all of these reasons, Defendants respectfully request that this Court dismiss this action because this Court lacks subject matter jurisdiction in this matter.[1]

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that World Savings, as Plaintiff's lender and the beneficiary of a deed of trust executed by Plaintiff in favor of Golden West as trustee, unlawfully foreclosed against Plaintiff's longtime residence by holding an unlawful trustee sale without giving any notice to Plaintiff or anyone else claiming to have an interest in the property.  (FAC ¶ 17).   Sometime in November 2003, Plaintiff entered into a mortgage agreement with World Savings concerning his residence located in Woodside, California.  (*Id*. ¶ 12).  Plaintiff alleges that at all times he complied with the terms of such mortgage.  (*Id*. ¶ 13).  Plaintiff alleges that on April 25, 2007, World Savings, through its agent Golden West, filed a notice of default and election to sell.  Plaintiff alleges that on the same day, Golden West recorded a notice of Trustee's sale.  (*Id*. ¶ 16).  Soon thereafter, on May 15, 2007, Plaintiff filed a petition for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code.  (*Id*. ¶ 14).  Plaintiff alleges that on October 3, 2007, World Savings, through Golden West, unlawfully foreclosed against the property by holding a trustee sale without giving notice to Plaintiff.  (*Id* ¶ 17).

Plaintiff's purported Claims for Relief are for: (1) To Set Aside the Foreclosure Sale; (2) Declaratory Relief; (2) Quiet Title; and (4) Wrongful Eviction.  None arise out of a federal constitutional provision, statute or regulation.  Instead, Plaintiff's purported bases for federal jurisdiction are that Defendants' actions in selling Plaintiff's property without notice is a violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution and that the deed of trust specifies federal court jurisdiction by its terms.  (*Id*. ¶ 10).

---

[1] Plaintiff does not – and cannot – allege that diversity jurisdiction under 28 U.S.C. 1332 exists in this action, as Plaintiff and multiple defendants are alleged to be residents of California.

No.: 3:07-cv-5594 JSW                                   – 2 –
DEFENDANT WORLD SAVINGS FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S
MOTION TO DISMISS

### III. LEGAL ANALYSIS

### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.

Federal courts are courts of limited jurisdiction. They are only authorized to adjudicate cases over which they have subject matter jurisdiction: cases involving either diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity, or that plaintiff be of a different citizenship than all defendants. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 936 (9th Cir. 2001). District courts have jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. US Const, art III, § 2; 28 USC § 1331. But this is not unlimited and the "federal question" must not simply be the "general" application of Section 1331. *See Dillon v. Combs*. 895 F. 2d 1175, 1177 (7th Cir. 1990). Thus, a plaintiff may invoke federal question jurisdiction when the claim for relief is either (1) created by federal law, or (2) requires the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 US 800, 808 (1988).

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject matter jurisdiction. Plaintiffs bear the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In this case, diversity jurisdiction may not be exercised because Plaintiff and several defendants are citizens of California. (FAC ¶¶ 1, 3, 5, 66, 7, 8, 9). Instead, Plaintiff has brought this action in federal court based upon a question of federal law. But Plaintiff does not base any of his claims on a federal question, much less a substantial one that forms the basis for any of Plaintiff's purported Claims for Relief.

#### 1. Non-Judicial Foreclosure Procedures Are Private Actions, and Are Thus Exempt From Federal Due Process Requirements.

Both the Ninth Circuit and the California Supreme Court have ruled that non-judicial foreclosure procedures are private actions, not state actions, and thus are exempt from the Due Process Requirement under the Fourteenth Amendment of the Federal Constitution.

For example, in *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003), Plaintiff mortgagor lost her residence in a non-judicial foreclosure action by the Defendant. Plaintiff brought

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

suit against the Defendant and argued that the state statute, Hawaii's non-judicial foreclosure statute, was violative of the due process clause of the Fourteenth Amendment. *Id*. at 1093. Plaintiff argued that because the residential mortgage business is regulated by both state and federal statutory schemes to protect the interests of the consumer, any action by the mortgage lender is converted into "state action." *Id*. at 1095. The court rejected this argument and stated that, "the development of the extensively regulated secondary mortgage market does not convert the private foreclosure procedures at issue here into state action." *Id*. The court further noted that state action is found only in cases involving foreclosures where there is "overt official involvement" in the enforcement of creditors' remedies. *Id*.

Similarly, in *Garfinkle v. Superior Court*, 21 Cal. 3d 268, 276 (1978), the plaintiff alleged that the California statutory non-judicial procedure employed by the defendant (the same one employed here) violated procedural due process under the Federal Constitution because it deprived real property owners of their property without adequate notice and without a judicial hearing. The *Garfinkle* court rejected that plaintiff's argument and determined that California's non-judicial foreclosure statute does not constitute state action, and thus is exempt from the due process restriction imposed by the U.S. Constitution. *Id*. at 281. The court reasoned that the power of sale exercised by the trustee on behalf of the lender/creditor in such a foreclosure is not a power traditionally reserved to the states and then delegated to private persons, but is a right authorized solely by the contract between the lender and trustor as embodied in the deed of trust. *Id*. at 277. Moreover, other than the ministerial acts, there was no participation or intervention by any state official or judicial officer prior to the trustee's sale and the vesting of title in the purchaser. *Id*. at 280.

In this matter, Plaintiff asserts federal jurisdiction on the basis that Defendants' actions in selling Plaintiff's property by invoking their right to follow California's non-judicial foreclosure process, allegedly without notice to Plaintiff, violated the Due Process clause of the Fourteenth Amendment. Under the foregoing case authorities, however, it is clear that Plaintiff's purported basis fails because Defendants' action in selling the property was a private action – not a state action – and thus, not subject to the Due Process requirements of the Fourteenth Amendment.

**2.     An Action to Set Aside a Non-Judicial Foreclosure Proceeding Does Not Present a Federal Question.**

Notwithstanding the above arguments, an action to set aside a non-judicial foreclosure implicates state law and does not raise a federal question. *French v. Hopkins*, 124 U.S. 524, 524 (1888) (whether the sale of a mortgaged property, under a decree of foreclosure, should be set aside does not present a federal question); *Myers v. Countrywide Home Loans, Inc.*, 368 F. Supp. 2d 587 (D.C. Tex. 2005) (remanding action to state court where homeowner alleged wrongful foreclosure in violation of deed of trust which incorporated HUD regulations, holding that the claim was based on rights created by state contract law and could not support federal subject-matter jurisdiction because there was no private right of action to enforce HUD regulations); *Gonzalez v. Anderson*, 575 F.Supp. 1498, 1500 (D.C. Mont. 1984) (federal district court did not have federal question jurisdiction over action to establish title to property merely because case involved interpretation of prior judgment of federal court; where prior foreclosure action was brought in federal court simply because United States had been party to prior action as mortgage owner, but any questions of substantive law decided in such action were decided on basis of state law and any interpretation of decree would thus necessarily be based on state law, no federal question was involved, and federal district court thus lacked jurisdiction.) Under these authorities, Plaintiff's action to set aside the non-judicial foreclosure should be dismissed because it does not present a federal question.

**3.     The Deed Of Trust Does Not Confer Federal Jurisdiction In This Action.**

Plaintiff asserts that the Deed of Trust specifies federal jurisdiction by its terms. Specifically, Plaintiff alleges that paragraph 15 of the Deed of Trust attached as Exhibit A to the Complaint specifies federal court jurisdiction by its terms. (FAC ¶ 10). Plaintiff's characterization is misleading, as Paragraph 15 of the Deed of Trust instead provides:

> This Security Instrument an the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions, ("Federal Law") and, *to the extent Federal Law does not apply, by the law of the jurisdiction in which the property is located*. (FAC, Exh. A., p. 9.) (Emphasis added).

No.: 3:07-cv-5594 JSW                                – 5 –
DEFENDANT WORLD SAVINGS FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S MOTION TO DISMISS

As demonstrated above, it is clear that Plaintiff's claims here do not arise under any federal law because they attack the procedures followed in a non-judicial foreclosure that is made available to all lenders in this State. The terms of the Deed of Trust are not at issue. Moreover, parties may not create or destroy federal jurisdiction by agreement or consent. *In re Di Giorgio*, 134 F.3d 971, 975 (9th Cir. 1998) (court ruled that barriers to federal court jurisdiction cannot be overcome by agreement of the parties); *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) (lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties). Thus, Plaintiff's note that the Deed of Trust specifies that federal law controls over the parties' agreement is irrelevant.

## IV. CONCLUSION

Plaintiff has not and cannot establish federal jurisdiction over the present action. There is no diversity, and Plaintiff's claims do not present a federal question. Non-judicial foreclosures under California's statutory regime are private actions – not state actions – and therefore do not implicate the Due Process protections of the Fourteenth Amendment. None of the terms of the Deed of Trust are at issue here. Defendants' motion to dismiss should therefore be granted.

DATED: January 16, 2008.

        REED SMITH LLP

        By   /s/ Jack R. Nelson
           Jack R. Nelson
           R. Euna Kim
           Attorneys for Defendants
           World Savings Bank, FSB (renamed as "Wachovia Mortgage, FSB") and Golden West Savings Association Service Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 3:07-cv-5594 JSW    – 6 –
DEFENDANT WORLD SAVINGS FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S MOTION TO DISMISS