BILL FORD, ESQ.  BAR #: 225664
1455 Serra Drive
Pacifica, CA 94044
TEL: (650) 355-1455
E-mail: billford@yahoo.com

Defendant in Pro Per BILL FORD and
Attorney for Defendants SUSAN FEDERIGHI and JEFFREY FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KEVIN R. McLEAN,<br><br>           Plaintiff,<br><br>v.<br><br>WORLD SAVINGS FSB; INTEGRITY INVESTMENT GROUP LLC; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; SUSAN FEDERIGHI; BILL FORD; JEFFREY FORD; CALIFORNIA FRANCHISE TAX BOARD; WILLIAM L. VEEN,<br><br>           Defendants. | CASE NO.:  3:07-cv-5594 JSW<br><br>**DEFENDANTS BILL FORDS' SUSAN FEDERIGHI'S, AND JEFFREY FORD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1)**<br><br>Date:  February 29, 2008<br>Time:  9:00 a.m.<br>Ctrm:  2, 17th Floor<br>Judge: Hon. Jeffrey S.White |

## I. INTRODUCTION AND PLAINTIFF'S ALLEGATIONS

Plaintiff Kevin R. McLean seeks to quiet title and declaratory relief and to set aside a foreclosure sale of his property. (See Plaintiff's Amended Complaint ("AC")) Plaintiff claims that Defendants World Savings FSB, Integrity Group, LLC, and Golden West Savings Association Service Company fraudulently foreclosed on his residential property located in San Mateo County and wrongfully evicted him from said property. (AC, first and fourth causes of action)  Plaintiff claims that Defendants Bill Ford, Susan Federighi, and Jeffrey Ford have an interest in the property that is

DEFENDANTS BILL FORDS' SUSAN FEDERIGHI'S, AND
JEFFREY FORD'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1); CASE NO. 3:07-cv-5594 JSW

G:\Data\DOCS\ATTYS\bf\Mot-Dism
iss-MPA.pld

1  the subject of this lawsuit and, therefore, further asserts causes of action for quiet title and declaratory

2  relief against said Defendants. (AC, second and third causes of action) Plaintiff's purported basis for

3  federal jurisdiction is that Defendants World Savings FSB, Integrity Group, LLC, and Golden West

4  Savings Association Service Company's actions in selling his property without notice is a violation

5  of the Due Process clause of the Fourteenth Amendment to the United States Constitution and that the

6  deed of trust specifies federal court jurisdiction by its terms. (AC, p. 3, ¶ 10)

7       Plaintiff's claims fail because they do not present a claim for federal question. Non-judicial

8  foreclosure of real property is a private matter and does not involve state action and consequently is

9  not subject to the constraints of the due process requirements of the Federal Constitution. Moreover,

10 this action involves the procedures followed by the bank in foreclosing on the property (which are

11 governed by California law - Cal. Civ. Code Section 2924) and not the terms of the loan agreement

12 or the deed of trust (which may or may not be governed by Federal Law - See AC, Exh. A, p. 9, ¶ 15 -

13 [The Deed of Trust provides that the security instrument and related notes shall be governed by federal

14 law, and "to the extent Federal Law does not apply," provides that the law of the state in which the

15 property is located shall apply.]) Moreover, federal courts have long held that parties may not create

16 or destroy federal jurisdiction by agreement or consent. Finally, Plaintiff's equitable claims do not

17 create any federal rights in this matter. As such, Plaintiff's Amended Complaint must be dismissed

18 for lack of subject matter jurisdiction as fully set forth below.

19                          **II. APPLICABLE LAW AND ARGUMENT**

20    **A.    Plaintiff's Claims Fail Because This Court Lacks Subject Matter
            Jurisdiction in This Matter**

21

22       Federal courts are courts of limited jurisdiction. They can adjudicate only those cases which

23 the Constitution and Congress authorize them to adjudicate: basically those involving diversity of

24 citizenship, or a federal question, or to which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co.

25 of Am.*, 511 U.S. 375, 380-381 (1994). "It is to be presumed that a cause of action lies outside of this

26 limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

27 jurisdiction. *Id.* at 377.

28

DEFENDANTS BILL FORDS' SUSAN FEDERIGHI'S, AND
JEFFREY FORD'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS          2
PURSUANT TO FRCP 12(B)(1); CASE NO. 3:07-cv-5594 JSW

G:\Data\DOCS\ATTYS\bf\Mot-Dism
iss-MPA.pld

1    In this case, Plaintiff asserts that jurisdiction is based upon a question of federal law.

2 However, Plaintiff does not present a claim for federal question, nor any other claim over which this

3 Court can exercise jurisdiction.

4              **1.    Non-Judicial Foreclosure Procedure for Real Property Does**
                     **Not involve State Action and Consequently is not Subject to**
5                    **the Constraints of Federal Due Process Requirements.**

6    When a creditor enforces a lien through a purely private, non-judicial sale, there is no state

7 action and such enforcement procedures do not implicate the Fourteenth Amendment. *Apao v. Bank*

8 *of New York*, 324 F.3d 1091, 1093-1094 (9th Cir. 2003). In this case, Plaintiff's purported basis for

9 federal jurisdiction is that Defendants World Savings FSB, Integrity Group, LLC, and Golden West

10 Savings Association Service Company's actions in selling his property without notice is a violation

11 of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's

12 claim falls squarely within the type of claims the *Apao* court considered to be exempt from federal due

13 process requirements. *Id.* As such, Plaintiff's Amended Complaint must be dismissed.

14              **2.    Plaintiff's Action to Set Aside the Non-Judicial Foreclosure**
                     **Should be Dismissed Because it Does Not Present a Federal**
15                   **Question.**

16    Actions for wrongful non-judicial foreclosure on property arise out of the parties' private

17 contractual agreements and do not give rise to federal question jurisdiction. *Myers v. Countrywide*

18 *Home Loans, Inc.* 368 F.Supp.2d 587, 588-589 (D.C. Tex. 2005). As such, Plaintiff's action to set

19 aside a non-judicial foreclosure proceeding does not create a federal right and does not raise a federal

20 question.

21              **3.    The Deed of Trust does Not Create Federal Subject Matter**
                     **Jurisdiction.**

22

23    The Deed of Trust at issue in this matter specifies that the terms of the security instrument shall

24 be governed by federal law. (AC, Exh. A., p.9) However, the terms of the Deed of Trust are not at

25 issue in this case. Plaintiff's allegations attack the foreclosure procedures. As such, there is no federal

26 question subject matter jurisdiction. Moreover, parties may not create or destroy federal jurisdiction

27 by agreement or consent. *In re Di Giorgio*, 134 F.3d 971, 975 (9th Cir. 1998).

28

**DEFENDANTS BILL FORDS' SUSAN FEDERIGHI'S, AND**
**JEFFREY FORD'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO FRCP 12(B)(1); CASE NO. 3:07-cv-5594 JSW**    3          G:\Data\DOCS\ATTYS\bf\Mot-Dism
                                                                        iss-MPA.pld

1

**4.      Plaintiff's Equitable Claims do Not Give Rise to Subject Matter Jurisdiction.**

2

3      Plaintiff seeks to quiet title and declaratory relief concerning the interest that Defendants have

4   in his property.  (AC, second and third causes of action)  These equitable claims involve Plaintiff's

5   private property located in San Mateo County, California.  As such, the equitable rights at issue arise

6   from state and local law, rather than any federal rights.

### III.  CONCLUSION

7

8      Based on the foregoing, Plaintiff does not present a claim for federal question jurisdiction, nor

9   any other claim over which this Court can exercise jurisdiction.  As such, Plaintiff's Amended

10  Complaint must be dismissed.

11

12  DATED:  January 22, 2008                    By:_____

13                                              Defendant In Pro Per Bill Ford and Attorney for
                                                Defendants Susan Federighi and Jeffery Ford

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS BILL FORDS' SUSAN FEDERIGHI'S, AND
JEFFREY FORD'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1); CASE NO. 3:07-cv-5594 JSW      4

G:\Data\DOCS\ATTYS\bf\Mot-Dism
iss-MPA.pld