MARK J. ROMEO     SBN 112002
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
Telephone:  (415) 395-9315
Facsimile:      (415) 395-9318
*romeolaw@msn.com*

Attorneys for Defendant
INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. MCLEAN,<br><br>   Plaintiff,<br><br>v.<br><br>WORLD SAVINGS FSB; INTEGRITY INVESTMENT GROUP, LLC; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; SUSAN FEDERIGHI; BILL FORD; JEFFREY FORD; CALIFORNIA FRANCHISE TAX BOARD; WILLIAM L. VEEN,<br><br>   Defendants. | No. 07-05594 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [RULES 12 (b)(1) and 12(b)(6)]**<br><br>**Date: February 29, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: Hon. Jeffrey S. White, Courtroom 2, 17th Floor** |

**1.     Introduction and Summary of Arguments**

Plaintiff filed this action originally on November 2, 2007. The operative pleading is the First Amended Complaint, filed December 7, 2007, and served in January 2008 on this defendant. The First Amended Complaint states four claims for relief: To Set Aside a Non Judicial Sale; Declaratory Relief; to Quiet Title and for Wrongful Eviction. The moving defendant is a third party purchaser at a foreclosure sale held in October 2007, in which

defendant purchased plaintiffs former property, a single family dwelling in Woodside, California. As to this defendant, the First Amended Complaint claims that the sale should be set aside due to the " fraud" of the original lender, World Savings, and the foreclosure trustee, Golden West Savings Association Service Company. The First Amended Complaint seeks a declaration that Integrity Investment Group has no interest in the real property and to quiet title against its interest. It also seeks to restrain pending eviction proceedings in San Mateo Superior Court, under state law pursuant to California Code of Civil Procedure §1161a.

In response to the service of the First Amended Complaint, this Defendant moves to dismiss on two grounds. First, under FRCP Rule 12(b)(1), defendant submits that the court is without subject matter jurisdiction to hear and determine the claims against this defendant because there is no federal question or other federal subject matter jurisdiction over the alleged state law non-judicial foreclosure or eviction action. Second, pursuant to FRCP Rule 12(b)(6), and only if the court determines that it has jurisdiction, defendant contends that under California law, the complaint fails to state a claim for relief against this defendant because it is a bona fide third party purchaser for value at the sale, so that there is no substantive claim regardless of jurisdictional issues.

The court is also advised that the eviction action discussed in the First Amended Complaint is the subject of a Notice of Removal to this Court under a case entitled <u>Integrity Investments, LLC v. McLean</u>, No. 07-06621, pending before Judge Patel. That action is the subject of a motion to remand which will be heard on January 28, 2008.

**2.    Procedural History and Facts**

Defendant originally filed an eviction action on October 19, 2007 in the San Mateo Superior Court for unlawful detainer under California Code of Civil Procedure § 1161a, to recover possession of a single family dwelling and land commonly known as 481 West Maple Way, Woodside, California 94062. (First Amended Complaint [hereafter "FAC"], ¶¶ 32-36 and Exh. E, F). As the First Amended Complaint alleges, there was a foreclosure sale of the defendant's property on October 3, 2007, at which plaintiff, a third party bidder, was the successful purchaser.

Defendant is a hold over owner who is refusing to give up possession. (FAC, ¶¶ 3, 12-18; 33-36 and Exh. B, E and F).

The First Amended Complaint alleges unspecified irregularities in the sale (FAC, ¶¶ 4, 17-18; 21; 35) which plaintiff contends violated his "due process" rights, such that it presents an action "under 42 U.S.C. § 1983." (FAC, ¶ 10). Plaintiff contends that "selling Plaintiff's property without notice is a violation of the Due Process afforded Plaintiff under the Fourteenth Amendment of the United States Constitution..." (FAC ¶ 10; see also FAC ¶ 35).

### 3. Dismissal for Lack of Subject Matter Jurisdiction.

In this case, the basis for federal question jurisdiction against this defendant is allegedly the notice to quit and unlawful detainer complaint which plaintiff challenges as a "Wrongful Eviction." (FAC, ¶¶ 32-36 and Exhibits E and F). Defendant alleges that the federal question arises as a civil rights violation under 42 U.S.C. 1983 (FAC ¶ 10), but the First Amended Complaint states only four purely state-law based claims.

The instant motion seeks dismissal for lack of federal question jurisdiction under FRCP Rule 12(b)(1). Federal question jurisdiction exists only when the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." (Franchise Tax Board. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983);

In the related situation where subject matter jurisdiction is challenged on a motion to remand, the court ordinarily will determine jurisdiction from the four corners of the complaint as it existed on the date of removal, as well as any pertinent facts in the Notice of Removal. (Miller v. Grgurich 763 F2 372, 373 (9th Cir. 1985; Gaus v. Miles, Inc. 980 F2 564, 567 (9th Cir. 1992). The facts justifying removal must appear on the face of the pleadings. (Rath Packing Co. v. Becker 530 F2 1295, 1303-1304 (9th Cir. 1975). [1]

---

[1] Plaintiff further asserts that the Deed of Trust between him and World Savings specifies that federal law will apply to its provisions. (FAC ¶ 10 and Exh. A). However, plaintiff is not a party to that contract; defendant does not even allege it.

If the operative facts of this action pertain to the sale, there is no federal question. First, the Ninth Circuit long ago held that irregularities in sales under Civil Code § 2924b do not support a claim under the 14th Amendment so as to admit the case to federal court. (Davidow v. Lachman Bros. Investment Co. 76 F2 186, 188(9th Cir. 1935)). Later decisions of the California Supreme Court and other courts reiterate that claims based on irregularities in trustee's sales under Civil Code § 2924b do not involve federal law or the United States Constitution, or related provisions under the California Constitution. (Garfinkle v. Superior Court 21 C3 268, 276-280 (1978); Lancaster Security Investment Corporation v. Kessler 159 CA2 649, 654-655 (1958)). These decisions have held that such sales do not involve state action, but only contractual remedies, and hence, neither the procedures themselves nor non-compliance with them impact due process or the 14th Amendment.

In a similar vein, the Eight Circuit in McNeil v. Franke 171 F3 561, upheld the dismissal for lack of federal question jurisdiction of a challenge to a judicial foreclosure action seeking, as the complaint does here, cancellation of a sale and quiet title:

> When, as here, the rights involved are rooted in state law, the presence of a collateral federal issue does not transform the action into a federal case. [Citation omitted]
>
> In conclusion, state law controls the outcome of this garden-variety quiet title, breach of contract, and judicial foreclosure action. McNeill will win or lose on the playing field of state law. Her case does not belong in the federal arena. We thus affirm the district court's dismissal for lack of federal subject matter jurisdiction.

(171 F3 at 564). The resolution of the regularity of the sale is purely a state law question properly brought before the courts of California.

The same holds true for the eviction arising from the sale. In this case, the routine unlawful detainer complaint attached to the First Amended Complaint (Exh. F) pleads no federal question at all, and defendant cannot inject a federal issue by stating it as a potential defense. Generally, landlord tenant and unlawful detainer actions are matters purely of state law. (Powers v. United States Postal Service 671 F2 1041, 1045 (7th Cir. 1982). The federal courts in the Ninth Circuit have found subject matter jurisdiction lacking when a defendant attempts to remove a state law

unlawful detainer action to federal court. (See e.g., Round Valley Indian Housing Authority v. Hunter 907 F.Supp. 1343, 1348 (N.D. Cal. 1995); Cooper v. Washington Mutual Bank 2003 U.S. Dist. Lexis 4559 (N.D. Cal. 2003) (Per Judge Walker: "An unlawful detainer does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction.").

The present action, amended once, still contains no specific allegations of wrong doing, and no theory of recovery that depends on federal statutory or constitutional law. Therefore, it is appropriately dismissed under FRCP Rule 12(b)(1).

### 4. Dismissal Under Rule 12(b)(6)-No Claim for Relief Stated.

Even if this court were to retain jurisdiction of this case against Defendant and the other parties, it is appropriately dismissed at this stage under FRCP Rule 12(b)(6) which provides for dismissal of an action for "failure to state a claim upon which relief can be granted ."

In this case, the First Amended Complaint, shows that there is no claim under state law against plaintiff. The complaint on its face avers that there was a non-Judicial sale and that this defendant was the successful bidder. It alleges that Integrity Investment's interest derives from a recorded Trustee's Deed Upon Sale. (FAC, ¶ 3 and Exh. B). It alleges that the sale enforced default provisions under a deed of trust conveyed to the trustee for the benefit of a third party lender, World Savings. (FAC 12-18 and Exh. A, B, C,).

The California courts have made it very clear that a third party purchaser at a sale is a bona fide purchaser. By statute, this presumption of a regular sale recited in a recorded Deed of Trust Upon Sale is **conclusive** in favor of a bona fide purchaser. (Civil Code Section 2924). As the court stated in 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 CA4 1279, 1286:

> Aside from the common law presumption of validity..., Civil Code section 2924 contains a statutory presumption "aris[ing] from the recital in the trustee's deed that all statutory requirements for notice of default and sale have been satisfied. This presumption is prima facie evidence of compliance and **conclusive** evidence of compliance in favor of a bona fide purchaser or encumbrancer."...

(Emphasis original). The conclusive presumption under Civil Code § 2924 is one "that *requires*

the trier of fact to find that the presumed fact exists" from a finding of the existence of the basic fact. The presumption is conclusive "because the adverse party against whom it operates *is not permitted* to introduce evidence to contradict or rebut the existence of the presumed fact." (Wolfe v. Lipsey (1985) 163 CA3 633, 639-640 (Italics in original). If such presumption applies, the sale is properly conducted for all purposes between the trustor and the bona fide purchaser, and constitutes a final adjudication of the rights of the borrower and lender. (Smith v. Allen (1968) 68 C2 93, 96; Moeller v. Lien (1994) 25 CA4 822, 830-833; Vella v. Hudgins (1977) 20 C3 251, 255).

As against trustee's and beneficiaries, the California courts have held that the duties described in the foreclosure statutes are exclusive, and cannot be extended by judge-made implied duties. The legislation creating non-judicial foreclosure processes prevents the courts from imposing additional common law or judicially-created duties on the trustee or the beneficiary. (I.E. Associates v. Safeco Title Insurance Co. (1985) 39 C3 281, 284-288). The court stated:

> The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited by the contract of the parties and the statutes.....
>
> In short, there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes. There are,..., persuasive policy reasons which militate against a judicial expansion of those duties. The nonjudicial foreclosure statutes--an alternative to judicial foreclosure--reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Beneficiaries, of course, want quick and inexpensive recovery of amounts due under promissory notes in default. Trustors, on the other hand, need protection against the forfeiture of valuable property rights. Trustees, the middlemen, need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation.

(39 C3 at 288; see also Perez v. Sutter Street Partners (1990) 222 CA3 938, 945-949; Moeller v. Lien, supra, 25 CA4 at 830-833).

Furthermore, an action to set aside a sale under a power of sale in a deed of trust is an action in equity. (Raedeke v. Gibraltar Savings & Loan Assn. (1974) 10 C3 665, 671). When a trustor seeks to set aside the sale, he is required, as in other equitable cases, to do equity before the court will exercise its equitable powers. Therefore, the viability of the action depends upon the trustor's

payment or offer to pay the secured debt either before commencement of the action or in the complaint. (MCA, Inc. v. Universal Diversified Enterprises Corp. (1972) 27 CA3 170, 177). (Karlsen v. American Savings and Loan Association (1971) 15 CA3 112, 1117-118, 120-121). In order to validate the action, the tender must be more than formal; it must be realistic and performable. Moreover, the tender must be unconditional. (California Civil Code § 1494; Gaffney v. Downey Savings & Loan Assoc. (1988) 200 CA3 1154, 1168; Wiener v. Van Winkle (1969) 273 CA2 774, 782.) The lack of a tender or the inability to make good on a purported tender has often supported a defendant's summary disposition of an action to set aside a trustee's sale. (See, Karlsen, supra [judgment on the pleadings]; MCA, Inc. v. Universal Diversified Enterprises Corp., supra, [summary judgment]; Carpenter v. Hamilton (1943) 59 CA2 146, 151-152 [demurrer].)

The plaintiff's allegations show that a Trustees Deed reciting the regularity of the sale was duly recorded, thus admitting a conclusive presumption in favor of this defendant. In addition, the plaintiff has in no way offered tender to any of the defendants or other parties who had interests in the property. In fact, he seeks to quiet title exclusive of any of the lines against there property (FAC ¶¶ 29-31). According to his own allegations, this would result in a $2.4 million windfall to plaintiff. (FAC ¶ 31). For the foregoing reasons, it is extremely doubtful that the plaintiff has a claim against the any defendant. The moving defendant is entitled to a conclusive presumption as a third party purchaser, that as against it, the sale was regularly conducted. Therefore, if the court retains jurisdiction, the case should be dismissed as to Integrity Investment Group on substantive grounds.

**5.     Conclusion**.

For the foregoing reasons, the court should grant the motion, and dismiss this case as against Integrity Investment Group, LLC.

Dated:  January 23, 2008            LAW OFFICES OF MARK J. ROMEO

                                    By /S/Mark J. Romeo
                                      MARK J. ROMEO
                                      Attorneys for Plaintiff

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California.  I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On  January 23, 2008, I served the foregoing document(s) on the interested party(ies) in this action by placing  ____  a true copy  XX  ____  the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**
x	I deposited such envelope(s) in the mail at San Francisco,
___	I am "readily familiar" with the office's practice of collection and processing correspondence for mailing.  Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**
___	Personally hand delivered said document(s) to addressee
___	I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**
___	I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**
___	And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**
___	I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:

**Plaintiff**
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**Defendants World Savings, Golden West Savings Association Service Company**
JACK R. NELSON
R. EUNA KIM
REED SMITH LLP
POB 7936
San Francisco, CA 94120-7936

**Defendants Bill Ford, Jeffrey Ford, Susan Federighi**
BILL FORD
1455 Sierra Drive
Pacifica, CA 94044

**DOCUMENT(S) SERVED:**

**Not of Motion and Motion**
**Memo P&A**
**Proposed Order**

x	I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 23, 2008 at San Francisco, California.

 Mark J. Romeo                          /s/ Mark J. Romeo
Type or Print Name                        Signature