MARK J. ROMEO    SBN 112002
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:    (415) 395-9318
*romeolaw@msn.com*

Attorneys for Defendant
INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. MCLEAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WORLD SAVINGS FSB; INTEGRITY INVESTMENT GROUP, LLC; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; SUSAN FEDERIGHI; BILL FORD; JEFFREY FORD; CALIFORNIA FRANCHISE TAX BOARD; WILLIAM L. VEEN,<br><br>　　　　Defendants. | No. 07-05594 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXPUNGE NOTICE OF PENDING ACTION**<br><br>**Date: March 7, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: Hon. Jeffrey S. White, Courtroom 2, 17th Floor** |

**1.    Introduction and Summary of Arguments**

Plaintiff filed this action originally on November 2, 2007. The operative pleading is the First Amended Complaint, filed December 7, 2007, and served in January 2008 on this defendant. The First Amended Complaint states four claims for relief: To Set Aside a Non Judicial Sale; Declaratory Relief; to Quiet Title and for Wrongful Eviction. The moving defendant is a third party purchaser at a foreclosure sale held in October 2007, in which

defendant purchased plaintiffs former property, a single family dwelling in Woodside, California. As to this defendant, the First Amended Complaint claims that the sale should be set aside due to the " fraud" of the original lender, World Savings, and the foreclosure trustee, Golden West Savings Association Service Company. The First Amended Complaint seeks a declaration that Integrity Investment Group has no interest in the real property and to quiet title against its interest. It also seeks to restrain pending eviction proceedings in San Mateo Superior Court, under state law pursuant to California Code of Civil Procedure §1161a.

After filing this action, plaintiff recorded a Notice of Pending Action against the disputed real property pursuant to California law, in support of his state law claims herein.

In response to the service of the First Amended Complaint, this Defendant has filed a motion to dismiss, on, among other things, the grounds that under FRCP Rule 12(b)(1), the court is without subject matter jurisdiction to hear and determine the claims against this defendant because there is no federal question or other federal subject matter jurisdiction over the alleged state law non-judicial foreclosure or eviction action. All other defendants have moved for relief on the same ground. All motions are to be heard on the date noticed for this motion. Since the plaintiff cannot establish the jurisdictional facts necessary to remain before this court, the Notice of Pending Action should be expunged at the same time the case is dismissed.

**2.    Procedural History and Facts**

Defendant originally filed an eviction action on October 19, 2007 in the San Mateo Superior Court for unlawful detainer under California Code of Civil Procedure § 1161a, to recover possession of a single family dwelling and land commonly known as 481 West Maple Way, Woodside, California 94062. (First Amended Complaint [hereafter "FAC"], ¶¶ 32-36 and Exh. E, F). As the First Amended Complaint alleges, there was a foreclosure sale of the defendant's property on October 3, 2007, at which plaintiff, a third party bidder, was the successful purchaser. Defendant is a hold over owner who is refusing to give up possession. (FAC, ¶¶ 3, 12-18; 33-36 and Exh. B, E and F).

The First Amended Complaint alleges unspecified irregularities in the sale (FAC, ¶¶ 4, 17-

1  18; 21; 35) which plaintiff contends violated his "due process" rights, such that it presents an action
2  "under 42 U.S.C. § 1983." (FAC, ¶ 10). Plaintiff contends that "selling Plaintiff's property without
3  notice is a violation of the Due Process afforded Plaintiff under the Fourteenth Amendment of the
4  United States Constitution..." (FAC ¶ 10; <u>see also</u> FAC ¶ 35).

5  **3.   <u>Expungement of Notice.</u>**

6  In this case, in connection with his state law claims (which are in reality all of the claims),
7  plaintiff availed himself of California Code of Civil Procedure §§ 405.1-405.4, and recorded a
8  notice of the pendency of this action on November 5, 2007, as Instrument No. 2007-158458 in the
9  Office of the San Mateo County Recorder against defendant's real property commonly known as
10 481 West Maple Way, Woodside, California 94062. (Declaration of Mark J. Romeo in Support of
11 Motion, [hereafter "Romeo"], ¶¶ 1-2 and Exhibit 1). The notice has never been served on
12 defendant. (<u>Id</u>, ¶ 2).

13 This defendant and all other defendants have moved to dismiss this case, which motions
14 are set for hearing on March 7, 2008. The motions all collectively challenging the basis for federal
15 question jurisdiction against defendants. Those motions make it clear that this action should not
16 be "pending" at all.

17 Under California Code of Civil Procedure §405.31, the court may order a notice expunged
18 where it finds that the plaintiff has not established the probable validity of the real property claim
19 in the action. Under this statute, defendant submits that the court should order expungement of the
20 notice of pending action. First, plaintiff has the burden of establishing his jurisdictional facts in
21 order to remain before the court. The motions to dismiss demonstrate that his claims for relief in
22 this court will not survive the pleading stage. Therefore, there is no "probable validity" to such
23 claims. Second, under California Code of Civil Procedure § 405.23, a Notice of Pending action is
24 "void" if not served on a party. In this case, the notice was not served on Integrity Investments,
25 which only learn of it through the title report presented to the court. (Romeo, ¶ 2).

26 Under these circumstances, plaintiff cannot establish that this action is probably valid.
27 Therefore, the motion should be granted, expunging the Notice of Pending Action.

28

1   In addition, the court can award attorneys fees to the prevailing party on a motion to
2 expunge a notice of pending action. (Cal. Code Civil Proc. §s 405.38). In this case, the fact that
3 there is no basis for this action to be pending before the court, indicates that the recording is ans
4 was intended to cloud the title of defendant's property and create delay. Therefore, the court should
5 ward defendant the reasonable costs of this motion, or $900.00. (Romeo¶ 3).

6   **4.   Conclusion.**

7   For the foregoing reasons, the court should grant the motion, and expunge the Notice of
8 Pending Action concurrently with the dismissal of the case. The court should award defendant
9 the fees incurred to file this motion.

10  Dated: January 24, 2008                LAW OFFICES OF MARK J. ROMEO

11                                         By /S/Mark J. Romeo
                                             MARK J. ROMEO
12                                         Attorneys for Plaintiff

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On  January 24, 2008, I served the foregoing document(s) on the interested party(ies) in this action by placing ____ a true copy  XX    the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**
x     I deposited such envelope(s) in the mail at San Francisco,
___   I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**
___   Personally hand delivered said document(s) to addressee
___   I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**
___   I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**
___   And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**
___   I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:

**Plaintiff**
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**Defendants World Savings, Golden West Savings Association Service Company**
JACK R. NELSON
R. EUNA KIM
REED SMITH LLP
POB 7936
San Francisco, CA 94120-7936

**Defendants Bill Ford, Jeffrey Ford, Susan Federighi**
BILL FORD
1455 Sierra Drive
Pacifica, CA 94044

**DOCUMENT(S) SERVED:**
**Not of Motion and Motion**
**Memo P&A**
**Proposed Order**
**Decl of Romeo**

x     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 24, 2008 at San Francisco, California.

 Mark J. Romeo                                    /s/ Mark J. Romeo
Type or Print Name                                Signature