Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
R. Euna Kim (SBN 222141)
Email: ekim@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants World Savings Bank
FSB (renamed "Wachovia Mortgage, FSB") and
Golden West Savings Association Service
Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KEVIN R. MCLEAN,<br><br>               Plaintiff,<br><br>     vs.<br><br>WORLD SAVINGS FSB; INTEGRITY INVESTMENT GROUP LLC; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO; SUSAN FEDERICHI; BILL FORD; JEFFERY FORD; CALIFORNIA FRANCHISE TAX BOARD; WILLIAM L. VEEN.<br><br>               Defendants. | Case No.: 3:07-cv-5594 JSW<br><br>**DEFENDANTS WORLD SAVINGS BANK FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1)**<br><br>Date:   March 28, 2008<br>Time:   9:00 a.m.<br>Ctrm:   2, 17th Floor<br><br>The Honorable Jeffrey S. White |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. ARGUMENT

Plaintiff Kevin McLean ("Plaintiff") does not and cannot dispute that his claims against Defendants World Savings FSB ("World Savings") and Golden West Savings Association ("Golden West") (hereinafter collectively "Defendants") fail because they do not present a federal question. Instead, Plaintiff argues the merits of his case by referring the Court to *In re Acosta*, 181 B.R. 477 (Bkrtcy.D.Ariz., 1995). (*See* Plaintiff's Opposition ("Opp.") at p. 2). Plaintiff's argument flatly fails because *In re Acosta* is irrelevant to the jurisdictional question presented to this Court.

As Plaintiff relates in his opposition, the court in *In re Acosta* held that a foreclosing creditor was required to give actual notice of a postponed sale date, even though Arizona statute did not expressly require it. *In re Acosta*, 181 B.R. at 479. The court in *In re Acosta* was not presented with the issue of whether the underlying action was appropriately before the court. In fact, the federal jurisdiction of the court was likely presumed under the supplemental jurisdiction doctrine because the debtor raised the propriety of the foreclosing creditor's action by motion *within* a bankruptcy proceeding. *See* 28 USC § 1367(a) (in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.)

In the current instance, by contrast, Plaintiff seeks to set aside a foreclosure sale by a separate action. As provided more fully in Defendants' Memorandum of Points and Authorities, Plaintiffs' claims fail because they do not present a federal question. Moreover, Plaintiff cannot amend his complaint to cure this deficiency, and as such, Plaintiff should not be given an opportunity to amend his complaint.

## II. CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss, Defendants respectfully requests that this Court dismiss Plaintiff's complaint.

No.: 3:07-cv-5594 JSW – 1 –

DEFENDANT WORLD SAVINGS FSB AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

DATED: February 28, 2008.

REED SMITH LLP

By   /s/ R. Euna Kim
   Jack R. Nelson
   R. Euna Kim
   Attorneys for Defendants
   World Savings Bank, FSB (renamed as "Wachovia Mortgage, FSB") and Golden West Savings Association Service Company