1   MARK J. ROMEO    SBN 112002
    LAW OFFICES OF MARK J. ROMEO
2   130 Sutter Street, 7th Floor
    San Francisco, CA 94104
3   Telephone:  (415) 395-9315
    Facsimile:    (415) 395-9318
4   *romeolaw@msn.com*

5   Attorneys for Defendant
    INTEGRITY INVESTMENT GROUP, LLC

6

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

    KEVIN R. MCLEAN,                    )      No. 07-05594 JSW
12                                      )
                        Plaintiff,      )      **REPLY MEMORANDUM OF**
13                                      )      **POINTS AND AUTHORITIES IN**
    v.                                  )      **SUPPORT OF MOTION TO**
14                                      )      **DISMISS [RULES 12 (b)(1) and**
    WORLD SAVINGS FSB; INTEGRITY        )      **12(b)(6)]**
15  INVESTMENT GROUP, LLC; GOLDEN       )
    WEST SAVINGS ASSOCIATION            )
16  SERVICE CO.; SUSAN FEDERIGHI; BILL  )      **Date: March 28, 2008**
    FORD; JEFFREY FORD; CALIFORNIA      )      **Time: 9:00 a.m.**
17  FRANCHISE TAX BOARD; WILLIAM L.     )      **Courtroom: Hon. Jeffrey S. White,**
    VEEN,                               )      **Courtroom 2, 17th Floor**
18                                      )
                        Defendants.___  )
19                                      )
                                        )
20                                      )
                                        )
21  _____ )

22       **1.    Introduction and Summary of Arguments**

23       This case is set for hearings on motions to dismiss by all defendants on March 28, 2008.

24  In addition, this defendant has an additional motion to expunge a Notice of Pending Action

25  recorded by Plaintiff against defendant's property in this case. In the related case, Integrity

26  Investments, LLC v. McLean, No. 07-6621, there is a pending and submitted motion to remand

27  that action to state court.

28

1    Defendant filed combined opposition to all of the defense motions to dismiss which was

2    also apparently intended to be his opposition to the Motion to Expunge. Defendant raises no

3    serious arguments or proof regarding the jurisdictional questions raised by the defense motions,

4    nor does he substantively address any of the issues raised on the merits of the case in the

5    expungement motion or this defendant's motion to dismiss. The motions should all be granted.

6    **2.    Dismissal for Lack of Subject Matter Jurisdiction.**

7    In this case, the basis for federal question jurisdiction against this defendant is allegedly the

8    notice to quit and  unlawful detainer complaint which plaintiff challenges as a "Wrongful

9    Eviction." (FAC, ¶¶ 32-36 and Exhibits E and F). Defendant alleges that the federal question arises

10    as a civil rights violation under 42 U.S.C. 1983 (FAC ¶ 10), but the First Amended Complaint

11    states only four purely state-law based claims.

12    The opposition fails to address this question at all. Instead, plaintiff directed the court to

13    a federal bankruptcy court case construing Arizona law on non-judicial foreclosures.(In re Acosta

14    181 BR 477  (Bankr. D. Ariz. 1995)).  In Acosta, on the facts of that case, the court ruled that a

15    borrower was entitled to actual notice of a non-judicial sale. He claims that this case controls to

16    invalidate the sale in this case, and that  he was entitled to actual notice of the foreclosure sale in

17    California.

18    Apart from the fact that the instant case still presents solely state law issues, Acosta is not

19    good law in this case. First, it is a federal bankruptcy court opinion construing Arizona law. The

20    fact that it was rendered  by a federal court does not make it applicable in this case, nor does it

21    create a federal question.

22    Second, the federal courts in the Ninth Circuit have declined to follow Acosta in cases

23    arising under California law, for the simple reason that it does not apply or state what the law of

24    foreclosures is in California. In In re Nghiem 264 B.R. 557, 561-564 (9th Cir. BAP 2001), the Ninth

25    Circuit Bankruptcy Appellate Panel, in a case from this district, rejected a California debtor's

26    attempt to use Acosta for the same proposition as plaintiff offers it here.  As set forth in the cases

27    in this defendant's moving papers, there is a wealth of California authority contradicting plaintiff's

28

1  theory of liability based on lack of actual notice.

2      Third, even if <u>Acosta</u> had some relevance to this case as it applied to the lenders or

3  foreclosure trustee, such notice issues do not apply to this defendant, who had no lending or other

4  relationship with the plaintiff, but is a third party buyer at the sale. As noted in the moving papers,

5  the California courts have made it very clear that a third party purchaser at a sale is a bona fide

6  purchaser. By statute, this presumption of a regular sale recited in a recorded Deed of Trust Upon

7  Sale is **conclusive** in favor of a bona fide purchaser. (Civil Code Section 2924). (See also authorities

8  cited on this point in the moving papers). This defendant is entitled to a conclusive presumption

9  that the sale was regular, so it is entirely irrelevant what plaintiff says about misconduct in the

10  foreclosure against any of the other parties.

11      **3.**    **Conclusion**.

12      Since defendant purchased the property, it has been deprived of its use for over 4 months

13  on the basis of non-existent claims and pretexts. The opposition only highlights how spurious are

14  the claims in this action and the related case. For the foregoing reasons, the court should grant

15  the motion, and dismiss this case as against Integrity Investment Group, LLC and expunge the

16  Notice of Pending Action.

17  Dated: February 28, 2008             LAW OFFICES OF MARK J. ROMEO

18                                       By /S/Mark J. Romeo _____
                                           MARK J. ROMEO
19                                       Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California.  I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On  February 28, 2008, I served the foregoing document(s) on the interested party(ies) in this action by placing __ a true copy XX__ the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**

x      I deposited such envelope(s) in the mail at San Francisco,
__     I am "readily familiar" with the office's practice of collection and processing correspondence for mailing.  Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**

___    Personally hand delivered said document(s) to addressee
___    I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**

      I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**

__     And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**

__     I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:

**Plaintiff**
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111
**Defendants World Savings, Golden West Savings Association Service Company**
JACK R. NELSON
R. EUNA KIM
REED SMITH LLP
POB 7936
San Francisco, CA 94120-7936
**Defendants Bill Ford, Jeffrey Ford, Susan Federighi**
BILL FORD
1455 Sierra Drive
Pacifica, CA 94044

**DOCUMENT(S) SERVED:**

**Reply Memo P&A**

x__    I declare under penalty of perjury under the laws of the State of California that the foregoing
       is true and correct. Executed on February 28, 2008 at San Francisco, California.

 Mark J. Romeo_____          /s/ Mark J. Romeo_____
Type or Print Name                                      Signature