IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. MCLEAN, | |
| Plaintiff, | No. C 07-05594 JSW |
| v. | |
| WORLD SAVINGS FSB, et al., | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| Defendants. | |

Now before the Court are the motions to dismiss for lack of subject matter jurisdiction filed by defendants Bill Ford, Susan Federighi and Jeffrey Ford (collectively, "Individual Defendants"), by World Savings Bank FSB, currently known as Wachovia Mortgage FSB, and Golden West Savings Association Service Company (collectively, the "Bank Defendants"), and by Integrity Investment Group, LLC ("Integrity"). The Court finds that these matter are appropriate for disposition without oral argument and they are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for March 28, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers, the relevant legal authority, and having good cause, the Court hereby GRANTS the motions to dismiss this action for lack of subject matter jurisdiction.[1]

**BACKGROUND**

Plaintiff Kevin R. McLean ("Plaintiff") filed this action regarding the real property located at 481 West Maple Way in Woodside, California. Plaintiff alleges that on November

---

[1] Integrity also filed a motion to expunge notice of pending action and for attorneys' fees. Because the Court finds that it lacks jurisdiction over the action, the Court does not have jurisdiction to address this motion.

1  23, 2003, defendants foreclosed on the subject property. (Amend. Compl., ¶ 1.) Plaintiff
2  alleges that the sale of this property was without due process and, thus, violates 42 U.S.C. §
3  1983. (*Id*., ¶ 10.) Plaintiff further alleges that the deed of trust provides for jurisdiction in
4  federal court. (*Id*.)

5  Plaintiff alleges that the Bank Defendants filed a notice of default and election to sell
6  and a notice of a sale. (*Id*., ¶ 14.) According to Plaintiff, the Bank Defendants unlawfully
7  foreclosed on the subject property by holding an trustee sale pursuant to the procedures set forth
8  in California Civil Code section 2924 without giving Plaintiff notice. (*Id*., ¶¶ 4, 17.) Plaintiff
9  asserts the following claims: (1) a claim to set aside the non-judicial foreclosure; (2) a claim for
10  declaratory relief regarding the ownership of the property; (2) a claim for quiet title; and (4) a
11  claim for wrongful eviction.

12  The Court shall address additional facts as necessary to its analysis in the remainder of
13  this Order.

14  **ANALYSIS**

15  **A.   Applicable Legal Standards.**

16  When a defendant moves to dismiss a complaint or claim for lack of subject matter
17  jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the
18  claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).
19  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to
20  adjudicate: those cases which involve diversity of citizenship, or those cases which involve a
21  federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen*
22  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

23  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be
24  "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
25  Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the
26  factual allegations of the complaint are taken as true and the non-moving party is entitled to
27  have those facts construed in the light most favorable to him or her. *Fed'n of African Am.*
28  *Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack

is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**B.     Plaintiff Fails to Demonstrate the Court Has Subject Matter Jurisdiction.**

In his amended complaint, Plaintiff asserts two grounds for subject matter jurisdiction: (1) the sale of the subject property without giving Plaintiff notice was a violation of Due Process under the Fourteenth Amendment of the United States Constitution and (2) the deed of trust provides for jurisdiction in federal court. Neither grounds provides a valid basis for subject matter jurisdiction by this Court.

The Ninth Circuit has held that non-judicial foreclosures, conducted pursuant to the procedures established by a state's non-judicial foreclosure statute, do not involve state action and, thus, do not implicate the Fourteenth Amendment. *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003); *see also Davidow v. Lachman Bros. Inv. Co.*, 76 F.2d 186, 188 (9th Cir. 1935) (non-judicial foreclosure conducted pursuant to California Civil Code § 2924 did not involve state action and thus did not confer federal jurisdiction).

Plaintiff's reliance on the deed of trust to create subject matter jurisdiction is similarly misplaced. The deed of trust provides: "This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations ... and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the property is located ...." (Amend. Compl., Ex. A at ¶ 15.) This provision does not purport to create federal subject matter jurisdiction. Moreover, to the extent it could be read in such a manner, parties may not create federal jurisdiction by agreement. *In re Di Giorgio*, 134 F.3d 971, 975 (9th Cir.1998) ("barriers to federal court jurisdiction cannot be overcome by agreement of the parties").

In opposition to the motions to dismiss for lack of subject matter jurisdiction, Plaintiff cites *In re Acosta*, 181 B.R. 477 (Bankr. Ariz. 1995), for the proposition that the Bank Defendants had a duty to provide Plaintiff with notice of the trustee sale. (Opp. at 2.) *In re*

3

*Acosta* does not assist Plaintiff in demonstrating that the Court has subject matter jurisdiction over this matter. First, the court in *In re Costa* did not address the issue of subject matter jurisdiction. Presumably, the court assumed it had supplemental jurisdiction over the foreclosure dispute because the debtor raised the propriety of the foreclosure within a bankruptcy proceeding. *In re Acosta*, 181 B.R. at 477-78. Second, to the extent *In re Acosta* could be interpreted as holding that federal courts have jurisdiction over non-judicial foreclosures, the Ninth Circuit has subsequently ruled otherwise. *See Apao*, 324 F.3d at 1095. Accordingly, Plaintiff fails to demonstrate that this Court has subject matter jurisdiction over this action and, therefore, the Court GRANTS the motions to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss for lack of subject matter jurisdiction filed by the Bank Defendants, the Individual Defendants, and Integrity.

**IT IS SO ORDERED.**

Dated: March 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE